IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOSHUA TILLER                        PLAINTIFF

v.             Civil No. 4:14-cv-04095

MS. M. NASH, Inmate Release Officer,
Southwest Arkansas Community Correction
Center (SWACCC); MS. W. WALKER,
Records Supervisor, SWACCC; and
MR. J. CAMPBELL, Warden, SWACCC            DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights case filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2014), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me on a Motion to Dismiss (ECF No. 9) filed by the Defendants. Plaintiff responded to the Motion (ECF No. 12) and Defendants' filed a reply brief (ECF No. 13). The Motion is ready for decision.

**(1). Background**

According to the allegations of the complaint, Plaintiff's parole was revoked and he was sentenced to a period of incarceration in the Arkansas Community Correction,[1] Southwest Arkansas Community Correction Center (SWACCC), located in Texarkana, Arkansas. He has named as Defendants the Inmate Release Officer, Ms. M. Nash, the Records Supervisor, Ms. W. Walker, and Warden J. Campbell.

---

[1] Formerly, the Arkansas Department of Community Correction.

-1-

Plaintiff alleges that the time card he received at the SWACCC on April 23, 2014, indicated he would go before the parole board in May of 2014. However, Nash told him the Parole Board was on vacation in May. On July 23, 2014, Plaintiff states he was told by Ms. P. Orr that he had not been entered in the computer until after the Board met in May.

On June 11, 2014, Plaintiff states his parole was approved. However, he states that "no one did their job duties of putting my parole plan for ap[p]roval until[]" after he sent a request.

As relief, Plaintiff seeks compensatory damages for the time his release was delayed and for mental and emotional damages. He also asks for an investigation to be conducted.

**(2). Applicable Standard**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

**(3). Discussion**

Defendants maintain that the complaint should be dismissed because: (1) Defendants are entitled to sovereign immunity for Plaintiff's claims for money damages against them in their official capacities; (2) the Plaintiff has no constitutional right to parole; and (3) a failure to follow prison policy does not state a constitutional claim. I agree.

First, the official capacity claims are subject to dismissal. "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work." *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998)(citation omitted). Here, Defendants work for the Arkansas Community Correction, a state agency. Therefore, the official capacity claims are the equivalent of claims against the State of Arkansas.

The claims against the State of Arkansas are subject to dismissal. The claims are barred by the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri,* 973 F.2d 599, 599 -600 (8th Cir. 1992) *(citing Papasan v. Allain,* 478 U.S. 265, 276, (1986)). "'This bar exists whether the relief sought is legal or equitable.'" *Id.* (*quoting Papasan*, 478 U.S. at 276). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991)(*citing Quern v. Jordan,* 440 U.S. 332, 342 (1979)).

Second, "[t]he Due Process Clause of the Fourteenth Amendment guarantees that no state shall . . . deprive any person of life, liberty, or property, without due process of law." *Forrester v. Bass*, 397 F.3d 1047, 1054 (8th Cir. 2005)(*citing* U.S. Const. amend. XIV § 2). To state a procedural due process claim, a plaintiff must have a been deprived of a protected liberty or property interest. *Senty-Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir. 2006).

"Property interests protected by due process are not created by the Constitution but, rather, are created and their dimensions defined, by existing rules or understandings that stem from an independent source such as state law." *Forrester*, 397 F.3d at 1054. Protected liberty interests "may arise from two sources–the Due Process Clause itself and the laws of the States." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). "Only if we find a protected interest do we examine whether the deprivation of the protected interest was done in accordance with due process." *Forrester*, 397 F.3d at 1054.

It has generally been held that the Arkansas state statutes governing parole do not create a liberty interest in parole because they provide the Parole Board may grant parole and substantive limitations on the Board's discretion are minimal. *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984); *see also Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005)(inmate has no constitutionally protected liberty interest in possibility of parole).

Finally, Plaintiff's allegations that the Defendants failed in the performance of their duties and violated a prison policy does not state a claim of constitutional dimension. *Meis v. Gunter*, 906 F.2d 364, 369 (8th Cir. 1990). Failure in the performance of the duties of a position amount to at most negligence which is an insufficient basis of liability under § 1983. *See e.g., Terrell v. Larson*, 396 F.3d 975, 978 (8th Cir. 2005)(mere negligence insufficient to establish culpability under § 1983).

**(4). Conclusion**

For the reasons stated, I recommend that Defendants' Motion to Dismiss (ECF No. 9) be granted and this case dismissed as all claims asserted are frivolous or fail to state claims upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (*in forma pauperis* action may be

dismissed on such grounds at any time). The dismissal of this case will constitute a strike under 28 U.S.C. § 1915(g). The Clerk should be directed to place a strike flag on the case.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of May 2015.

        /s/ Barry A. Bryant
        HON. BARRY A. BRYANT
        UNITED STATES MAGISTRATE JUDGE